Submitted November 23; conviction on Count 1 reversed and remanded, remanded for resentencing, otherwise affirmed December 29, 2021; petition for review denied March 24, 2022 (369 Or 505)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SALVADOR ABRICA LOPEZ,
aka Salvador Abrica, aka Salvador Abrica-Lopez,
aka Salvador Lopez, aka Lopez Abrica Salvador,
*Defendant-Appellant.*

Klamath County Circuit Court
16CR22788; A171767

500 P3d 1292

Andrea M. Janney, Judge.

Kenneth A. Kreuscher filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was convicted by nonunanimous jury verdict of first-degree sexual abuse, ORS 163.427 (Count 1). He was also convicted by unanimous jury verdicts of four counts of first-degree sexual abuse, ORS 163.427 (Counts 2, 3, 8, and 9) and two counts of first-degree sodomy, ORS 163.405 (Counts 4 and 7).[1] Defendant appeals the judgment of conviction. In his brief submitted through counsel, he raises three assignments of error, and in a *pro se* supplemental brief, he raises five supplemental assignments of error. We write to address his first and second assignments of error, and we reject the remaining assignments without discussion.

In his first assignment, defendant contends that the trial court erred under the Sixth and Fourteenth Amendments to the United States Constitution by accepting a nonunanimous jury verdict on Count 1. In response, the state concedes that the trial court erred by accepting the nonunanimous verdict, because that verdict violated the federal constitution's unanimous jury requirement as set forth in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). We agree with the state and accept its concession as to Count 1. Defendant argues in his second assignment that his remaining convictions should be reversed based on the erroneous nonunanimous verdict instruction. We reject defendant's argument that his convictions based on a unanimous verdict also must be reversed. *See State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020) (erroneous nonunanimous jury instruction was not structural error and was harmless with respect to unanimous verdicts).

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

---

[1] For unknown reasons, the indictment did not contain a Count 5 or a Count 6.